IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEANN COLLINS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-10-2882 |
| | § | |
| JOHN DOE, a/k/a Ginger Johnson d/b/a | § | |
| Provocative Fine Arts Models & Escorts, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Leann Collins asks this court to rely on Rule 4(e) of the Federal Rules of Civil Procedure and Texas Rule of Civil Procedure 106(b) to allow service by e-mail. Rule 106(b) of the Texas Rules of Civil Procedure allows a court to authorize service "in any [ ] manner that . . . will be reasonably effective to give the defendant notice of the suit" provided that a motion is "supported by affidavit stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted" by other means as directed under Rule 106. TEX. R. CIV. P. 106(b). Collins has supported her motion with such an affidavit.

Several courts have applied provisions of Rule 4 of the Federal Rules of Civil Procedure to authorize e-mail service when the record discloses diligent efforts by the plaintiff to obtain a physical address to effect traditional service, that the defendant does business on-line (particularly business related to the subject of the suit), and that the defendant has recently communicated using the e-mail address the plaintiff proposes to use for service. *See, e.g.*, *Nabulsi v. Al Nahyan*, Civ. A. No. H-06-2683, 2007 WL 2964817, at *8 (S.D. Tex. Oct. 9, 2007); *Tishman v. The Associated*

P:\CASES\2010\10-2882\10-2882.a01.wpd

*Press*, No. 05 Civ. 4278, 2006 WL 288369, at *1–3 (S.D.N.Y. Feb. 6, 2006) (allowing substituted service by e-mail after the plaintiff had shown that "actual prior attempts to serve a party under each and every method provided in the statute [had] been undertaken"); *MacLean-Fogg Co. v. Ningbo Fastlink Equip. Co.*, No. 08 CV 2593, 2008 WL 5100414, at *2 (N.D. Ill. Dec. 1, 2008) (authorizing e-mail service on a foreign corporation because the plaintiffs were unsuccessful in effectuating traditional service but demonstrated that defendants transacted business online); *Keller Williams Realty, Inc. v. Lapeer*, No. 4:08-CV-1292, 2008 WL 2944601, at *2 (S.D. Tex. July 31, 2008); *Juniper Networks, Inc. v. Bahattab*, No. Civ. A. 07-1771, 2008 WL 250584, at *1 (D.D.C. Jan. 30, 2008); *Philip Morris USA, Inc. v. Veles Ltd.*, No. 06 CV 2988, 2007 WL 725412, at *2–3, (S.D.N.Y. Mar. 12, 2007); *D.R.I., Inc. v. Dennis*, No. 03 Civ. 10026, 2004 WL 1237511, at *1 (S.D.N.Y. June 3, 2004); *Power Corp. of Canada v. Power Financial*, Civ. A. No. 4:09-CV-0510, 2009 WL 982750, at *1 (M.D. Pa. Apr. 13, 2009). Other federal district courts have authorized service by e-mail on individuals in a foreign country under Rule 4(f)(3), which permits service "by other means not prohibited by international agreement as may be directed by the court." *See Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002); *Williams-Sonoma Inc. v. Friendfinder Inc.*, No. C. 06-6572, 2007 WL 1140639, at *1 (N.D.Cal. April 17, 2007).

Collins has provided notice of this suit to Escorts and the record shows e-mail communications with Escorts using the address provmodel174@gmail.com. Such notice is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). On this record, service

by e-mail satisfies the requirements of Texas Rule 106(b) because it is reasonably likely to give the defendants actual notice of this suit.

The motion for substituted service is granted. The plaintiff may serve process on the defendant Escorts by e-mail at the following e-mail address: provmodel174@gmail.com. Service is complete on the successful completion of the e-mail transmission.

SIGNED on November 30, 2010, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge