**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| LEANN COLLINS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-10-2882 |
| | § | |
| JOHN DOE, a/k/a Ginger Johnson d/b/a | § | |
| Provocative Fine Arts Models & Escorts, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

This is a copyright infringement case.  Leann Collins sued several defendants in the Southern

District of Texas, asserting causes of action for copyright infringement, defamation, civil conspiracy,

and violations of the Visual Artists Rights Act of 1990.  The claims arise out of the defendants' use,

in print and in online publications, of Collins's photographs of "fine art nude" models, without her

knowledge or permission.  Two of the defendants—Ronald Ray Johnson and TAG Publishing,

Inc.—have moved to dismiss under Federal Rule of Civil Procedure 12(b)(3) for improper venue.

(Docket Entry No. 25.)  The defendants argue in the motion that under the Copyright Act, venue is

proper in the Western District of Texas because Johnson and TAG Publishing reside in Austin and

because they have no business contacts with the Southern District.  Alternatively, if venue is proper

in the Southern District, Johnson and TAG Publishing move to sever and transfer the claims against

them to the Western District under 28 U.S.C. § 1404(a), based on the statutory factors of

convenience and the interests of justice.  Collins responded to the motion to dismiss or transfer.

(Docket Entry No. 29.)  Collins contends that Johnson and TAG Publishing "may be found" in the

Southern District of Texas, as required by the Copyright Act to establish venue, because Johnson

and TAG Publishing distributed a magazine containing Collins's photographs in the Southern District, and that transfer under § 1404(a) is not warranted.

For the reasons explained below, based on the pleadings, the motions and response, the record, and the relevant law, this court denies the motion to dismiss and denies the motion to transfer.  This court also sets a status conference on **May 1, 2012 at 11:00 a.m. in Courtroom 11-B.**

## I.    Background

Lean Collins is a professional photographer residing in Austin, Texas.  She "actively conducts business in the Houston area," "has had art shows in Houston," and "has had work advertised in the Houston media."  (First Am. Compl. ¶ 2.)  Though known primarily as a wildlife photographer, Collins also photographs "fine art nudes."  (*Id.*)

Ronald Ray Johnson is an Austin resident who publishes the Texas Adult Guide ("TAG"), an adult-entertainment magazine distributed primarily in the Austin and San Antonio areas.  It appears that TAG Publishing forfeited its corporate charter and is now Johnson's d/b/a.  (*Id.* ¶ 3)  According to Collins, "[t]he magazine publishes advertisements of blatantly illegal operations including prostitution."  (*Id.* ¶ 46.)  According to Johnson, TAG "features advertising from gentlemen's entertainment clubs, lingerie and adult stores, and . . . written content and photography not unlike what you would find in Playboy Magazine or Maxim."  (Docket Entry No. 25, at 2.)

In June and July 2010, TAG featured an advertisement from Provocative Fine Art Models & Escorts ("Escorts"), which is also a defendant in this case.  (Docket Entry No. 30-4, at 5; Docket Entry No. 30-6, at 29.)  Collins alleges that the advertisement incorporated, without her knowledge or permission, seven copyrighted "fine art nude" photographs from her website.  Collins also alleges that Johnson uploaded the June and July 2010 issues onto TAG's website and used them in the

advertisement for Escorts.  Collins sued Johnson, TAG Publishing, and Escorts for, among other things, copyright infringement, based on the advertisements in the June and July 2010 TAG magazines.  Collins also sued John Anthony Gray, Gray Entertainment Inc., and S.Q. Media Inc. based on the same or similar advertisements that appeared in "Adult Quest," an adult-entertainment magazine distributed primarily in the Houston area.

Johnson and TAG Publishing have moved to dismiss under Rule 12(b)(3) for improper venue.  They argue that under 28 U.S.C. § 1400(a), venue for Collins's copyright-infringement claim against them lies only in the district where Johnson and TAG Publishing reside or "may be found." The parties do not dispute Johnson and TAG Publishing reside in the Western District of Texas. Johnson and TAG Publishing argue that they cannot be found in the Southern District of Texas because they lack minimum contacts with this district.  (Docket Entry No. 25, at 3–5.)  In an affidavit supporting the motion to dismiss, Johnson stated that "[i]n June and July of 2010, TAG published 20,000 issues each month, and these issues were distributed exclusively to the Austin, San Antonio, San Marcos and Killeen markets."  (Docket Entry No. 25-1, at 1.)  Johnson also stated that he has never "marketed or distributed any magazine or publication in the Houston area or surrounding counties"; that he does not conduct business in Houston; that he does not travel to Houston "for any reason" related to business; and that the last time he traveled to Houston for personal reasons was "over five years ago."  (*Id.* at 1–2.)  If this court concludes that venue is proper in the Southern District of Texas, Johnson and TAG Publishing alternatively move to sever and transfer the claims against them to the Western District.  Johnson and TAG Publishing argue that the Western District is the more convenient forum because both they and Collins reside there and because Johnson lacks the financial resources to travel to Houston for litigation or to pay for his

counsel's travel.  (Docket Entry No. 25, at 5–6.)

Collins responds that Johnson and TAG Publishing "may be found" in the Southern District of Texas because they distributed TAG magazines in this district.  In her affidavit, Collins states that she has "personally on several occasions viewed TAG . . . available in Houston and the Harris County Area" as well as "in many areas of Texas other than San Antonio, Killeen, San Marcos and Austin."  (Docket Entry No. 29-1, at 2–3.)  The locations where Collins saw and picked up TAG magazines include a boutique called "Dare Ware" in Houston in March 2010; a smoke shop in Brazos County in late summer or early fall of 2010; a topless bar in Brazos County in October 2010; and a truck stop on Highway 290 in Harris County in November 2010.  (*Id.* at 2–4.)  Collins also argues that Johnson and TAG Publishing "may be found" in the Southern District because Johnson maintains "a highly interactive, commercial website" for the TAG magazine accessible to Harris County residents.  (Docket Entry No. 29, at 15.)  According to Collins, the website runs Adobe flash applications that allows individuals, including those in Harris County, not only to view the website but also to submit questions to an advice column and order advertisement space in the magazine.

The parties' arguments are analyzed below.

## III.    Analysis

### A.       The Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(3) allows a defendant to move to dismiss a complaint for improper venue.  Once a defendant raises the issue of improper venue, the plaintiff has the burden to prove that the chosen venue is proper.  *Psarros v. Avior Shipping, Inc.*, 192 F. Supp. 2d 751, 753 (S.D. Tex. 2002).  Rule 12(b)(3) permits district courts to examine facts outside the complaint to determine whether venue is proper.  *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320,

324 (9th Cir. 1996).   The court must accept as true the allegations in the complaint, unless contradicted by the defendant's affidavits, and must draw reasonable inferences and resolve factual conflicts in the plaintiff's favor.   *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 F. App'x 612, 615 (5th Cir. 2007).   If the defendant prevails on a Rule12(b)(3) motion, the court may dismiss the case or transfer it to any district where venue is proper.   28 U.S.C. § 1406(a).

In actions involving multiple defendants and multiple claims, the plaintiff must establish that venue is proper as to each defendant and as to each claim.   *Allstar Mktg. Grp., LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1126 (C.D. Cal. 2009).   The general venue statute, 28 U.S.C. § 1391(b), governs most claims brought in federal court.   Copyright-infringement claims are an exception.   For copyright-infringement claims, 28 U.S.C. § 1400(a), not 28 U.S.C. 1391(b), governs venue.   *Time, Inc. v. Manning*, 366 F.2d 690, 696 (5th Cir. 1966); *Nu Image, Inc. v. Does 1-23,322*, 799 F. Supp. 2d 34, 43 (D.D.C. 2011).   Under § 1400(a), venue is proper "in the district in which the defendant or his agent resides or may be found."   28 U.S.C. § 1400(a).   Courts, including in the Fifth Circuit, have interpreted § 1400(a) to allow venue in any judicial district in which the defendant would be subject to personal jurisdiction if that judicial district were a separate state.   *See, e.g., Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1126 (9th Cir. 2010); *Palmer v. Braun*, 376 F.3d 1254, 1259 (11th Cir. 2004); *Tayama v. Riom Corp.*, No. 2:11–CV–167–J, 2012 WL 556007, at *2 (N.D. Tex. Feb. 21, 2012).

Under the above precedent, venue for Collins's copyright-infringement claim is proper in the Southern District of Texas if Johnson and TAG Publishing are subject to personal jurisdiction in this district.   The legal standard governing a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction applies to Johnson and TAG Publishing's Rule 12(b)(3) motion to dismiss for improper

venue.  Under Rule 12(b)(2), Collins bears the burden of demonstrating facts sufficient to support personal jurisdiction.  *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985) (citations omitted). "The court may determine the jurisdictional issue by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery."  *Id.* "When the district court rules on a motion to dismiss for lack of personal jurisdiction 'without an evidentiary hearing, the plaintiff may bear his burden by presenting a *prima facie* case that personal jurisdiction is proper.'"  *Quick Techs.*, *Inc. v. Sage Grp. PLC*, 313 F.3d 338, 343 (5th Cir. 2002) (quoting *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994)).  The court "must accept as true the uncontroverted allegations in the complaint and resolve in favor of the plaintiff any factual conflicts."  *Stripling v. Jordan Prod. Co.*, *LLC*, 234 F.3d 863, 869 (5th Cir. 2000) (quoting *Latshaw v. Johnson*, 167 F.3d 208, 211 (5th Cir. 1999)).  But the court is not obligated to credit conclusory allegations, even if uncontroverted.  *Panda Brandywine Corp. v. Potomac Elec. Power*, 253 F.3d 865, 868 (5th Cir. 2001).

Federal due process permits the exercise of personal jurisdiction over a nonresident defendant when the defendant has "minimum contacts" with the forum state such that the exercise of jurisdiction over that defendant does not offend "traditional notions of fair play and substantial justice."  *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008).  The "minimum contacts" aspect of the analysis can be established through "contacts that give rise to 'specific' personal jurisdiction" or contacts "that give rise to 'general' personal jurisdiction."  *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001).  A court has general jurisdiction over a nonresident defendant "to hear any and all claims" against him when his contacts with the state are so "'continuous and systematic' as to render [him] essentially at home in the forum."  *Goodyear Dunlop Tires*

*Operations v. Brown*, 131 S. Ct. 2846, 2851 (2011).  "The 'continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and a forum.'" *Johnston*, 523 F.3d at 609 (quoting *Submersible Sys., Inc. v. Perforadora Cent., S.A.*, 249 F.3d 413, 419 (5th Cir. 2001)).  "[E]ven repeated contacts with forum residents by a foreign defendant may not constitute the requisite substantial, continuous and systematic contacts required for a finding of general jurisdiction."  *Revell v. Lidov*, 317 F.3d 467, 471 (5th Cir. 2002).  "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home."  *Goodyear*, 131 S. Ct. at 2853–54.

"In contrast to general, all-purpose jurisdiction, specific jurisdiction is confined to adjudication of 'issues deriving from, or connected with, the very controversy that establishes jurisdiction.'"  *Id.* at 2851 (citation omitted).  A court asks "whether there was 'some act by which the defendant purposefully availed [himself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'"  *Id.* at 2854 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).  Specific jurisdiction exists "when a nonresident defendant has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities."  *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 243 (5th Cir. 2008) (internal quotations marks omitted).  Though the defendant's contacts with the forum must be more than "random, fortuitous, or attenuated, or of the unilateral activity of another party or third person," even "isolated or sporadic contacts" can support specific jurisdiction "so long as the plaintiff's claim relates to or arises out of those contacts."  *ITL Int'l, Inc. v. Constenla, S.A.*, 669 F.3d 493, 498–99 (5th Cir. 2012) (internal quotation marks

omitted).

Once a plaintiff has established minimum contacts, the burden shifts to the nonresident defendant to show that asserting jurisdiction would offend traditional notions of fair play and substantial justice. *Walk*, 517 F.3d at 245. "[I]t is incumbent on the defendant to present a compelling case that the presence of some consideration would render jurisdiction unreasonable." *Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1068 (5th Cir. 1992). "In conducting the fairness inquiry, [courts] examine (1) the burden on the nonresident defendant, (2) the forum state's interests, (3) the plaintiff's interest in securing relief, (4) the interest of the interstate judicial system in the efficient administration of justice, and (5) the shared interest of the several states in furthering fundamental social policies." *Luv N' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 473 (5th Cir. 2006).

Viewing the record evidence in the light most favorable to Collins, the court concludes that she has made a *prima facie* showing of specific personal jurisdiction over Johnson and TAG Publishing in the Southern District of Texas. The copyright-infringement claims arise out of the distribution of the copyrighted photographs in the TAG magazines. The uncontroverted statement in Collins's affidavit that in the spring and fall of 2010, she saw TAG magazines available for pick up at various places outside the Austin and San Antonio areas, including places in the Southern District, supports the inference that the June and July 2010 TAG issues were distributed in the Southern District. Johnson and TAG Publishing identify no other distributor of the magazines but Johnson. Although Johnson disputes that he distributed magazines outside Austin and San Antonio, this dispute must be resolved in Collins's favor for the purpose of this motion. By distributing TAG magazines in the Southern District, Johnson and TAG Publishing purposefully availed themselves

8

of the privilege of conducting activities in this district.  Courts have held that defendants who

distribute allegedly infringing products to a state are subject to personal jurisdiction in that state on

copyright-infringement claims arising out of those distributions.[1]

The motion to dismiss for improper venue is denied.  In light of this ruling, there is no need

to address Collins's argument that Johnson and TAG Publishing have minimum contacts with the

Southern District of Texas based on what Collins refers to as TAG's "highly interactive, commercial

website."

### B.    The Motion to Sever and Transfer

Johnson and TAG Publishing alternatively seek severance of the claims against them and

transfer under 28 U.S.C. § 1404(a) to the Western District of Texas, Austin Division, where Johnson

and Collins reside.  Section 1404(a) permits a district court to transfer a civil action to any other

district where the case might have been brought, if transfer serves "the convenience of parties and

---

[1] *See, e.g., Blakeman v. The Walt Disney Co.*, 613 F. Supp. 2d 288, 303 (E.D.N.Y. 2009) ("Because plaintiff has alleged that Grammnet and Stark supplied the plaintiff's work to distributors with the knowledge that the resulting infringing work would be disseminated in New York, the Court finds that, if these allegations are proven, it would be reasonably foreseeable to them that they would be subject to suit in New York State and they would have been purposefully availing themselves of the privilege of conducting activities in this State."); *John Wiley & Sons, Inc. v. Treeakarabenjakul*, No. 09 Civ. 2108(CM), 2009 WL 1766003, at *7 (S.D.N.Y. June 18, 2009) ("Though the complaint conflates sales (by Treeakarabenjakul) and shipment [of copyrighted books] (by Shumacher) as the jurisdiction-creating activity, it sufficiently alleges personal jurisdiction over Shumacher in a New York court because shipment is both an infringing act and a basis for jurisdiction when related to that claim."); *Ortiz v. Guitian Bros. Music Inc.*, No. 07 Civ. 3897, 2008 WL 4449314, at *10 (S.D.N.Y. Sept. 29, 2008) ("Through their alleged, and uncontested, involvement in the nationwide distribution of the allegedly infringing DVD, which is offered for sale in New York, GBMI and Guitian have availed themselves of the privilege of doing business in New York and it therefore comports with the Due Process Clause to subject them to this Court's jurisdiction."); *Red Bull GmbH v. RLED, LLC*, 515 F. Supp. 2d 641, 647 (M.D.N.C. 2007) ("According to the allegations in the Complaint and those inferences which may be drawn from it, defendants have 'purposefully availed' themselves of the privilege of conducting activities in North Carolina by contracting with Aquanote as a distributor and Aquanote's selling of Roaring Lion to establishments within the state and advertising the product within the state."); *Angela Adams Licensing, LLC v. Dynamic Rugs, Inc.*, 463 F. Supp. 2d 82, 85 (D. Me. 2006) (stating that the "act of shipping an infringing rug to Maine alone would establish personal jurisdiction for a claimed infringement as to that design"); *Osteotech, Inc. v. GenSci Regeneration Sciences, Inc.*, 6 F. Supp. 2d 349, 354 (D.N.J. 1998) (holding that a single sale of an infringing product to a customer in the forum state is sufficient to establish specific personal jurisdiction even if the single sale represented only "a tiny fraction" of the defendant's total sales).

witnesses . . . [and is] in the interest of justice."  28 U.S.C. § 1404(a); *see also Van Dusen v. Barrack,* 376 U.S. 612, 616 (1964); *In re Volkswagen AG,* 371 F.3d 201, 203 (5th Cir. 2004).  A district court has "broad discretion in deciding whether to order a transfer."  *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1999).  The party seeking transfer must show that "the transferee venue is . . . clearly more convenient."  *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc).  Public and private interest factors are relevant.  *Id.*  "The private interest factors are: '(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.'  The public interest factors are: '(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.'"  *Id.* (quoting *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)).  These factors are "not necessarily exhaustive or exclusive" and "none can be said to be of dispositive weight."  *Id.* (quotations and alternations omitted).

Based on the present record, the court denies the motion to sever and transfer.  "Before effecting . . . severance, a judge should weigh the convenience to the parties requesting transfer against the potential inefficiency of litigating the same facts in two separate forums."  *White v. ABCO Eng'g Corp.*, 199 F.3d 140, 144 (3d Cir. 1999).  The convenience to Johnson and Collins favors severance and transfer because they both reside in Austin.  The parties have, however, identified no key nonparty witnesses who would be inconvenienced by venue in Houston.  And judicial efficiency strongly weighs in favor of retaining this case in the Southern District of Texas.

The copyright-infringement claims against Gray, Gray Entertainment, and S.Q. Media arise out of the publication in Adult Quest of the same or similar advertisements as those published in the June and July 2010 TAG issues.  Because the factual basis of the claims against Johnson and TAG Publishing significantly overlap with the claims against Gray and his business entities, the duplication of proceedings required to litigate the claims against the Gray defendants in the Southern District of Texas and against Johnson and TAG Publishing in the Western District would be considerable.  And it is possible that Johnson would be subpoenaed as a witness in the case against the Gray defendants.  The judicial efficiency achieved by litigating common factual issues in the same forum outweighs the inconvenience to Johnson and TAG Publishing of having to litigate in Houston.  The motion to transfer and sever is denied.

## IV.    Conclusion

The motion to dismiss for improper venue is denied.  The motion to sever and transfer is also denied. A status conference is set for **May 1, 2012, at 11:00 a.m.**  Out-of-state counsel may attend by telephone.

SIGNED on April 23, 2012, at Houston, Texas.

_Lee H. Rosenthal_

Lee H. Rosenthal
United States District Judge