## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| LEANN COLLINS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-10-2882 |
| | § | |
| JOHN DOE, a/k/a Ginger Johnson d/b/a | § | |
| Provocative Fine Arts Models & Escorts, *et al*., | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM AND ORDER

The remaining issue in this copyright-infringement action is the claim by both sides for attorney's fees under § 505 of the Copyright Act, 17 U.S.C. § 505. (Docket Entry Nos. 132 & 133). Based on the motions, responses, and replies; the evidence; and the applicable law, the motion for attorney's fees filed by the plaintiff, Leann Collins, (Docket Entry No. 132), and the motion for attorney's fees filed by the defendants, Gray Entertainment, Inc., S.Q. Media, Inc., and John Gray, (Docket Entry No. 133), are denied. The reasons are explained below.

### I.      Background

Collins's claims arose out of the defendants' use of her photographs of "fine art nude" models without her knowledge or permission. The defendants used the photographs in advertisements published in print and in online publications, including *TAG* and *Adult Quest* magazines. Collins took a default judgment against Provocative Fine Art Models & Escorts ("Escorts"), which used her copyrighted photos in advertisements for the company. Collins settled with TAG, which published advertisements for Escorts, and TAG's owner, Ron Johnson. Collins's claims against the remaining defendants, John Gray and two companies that he owned, Gray

Entertainment and S.Q. Media, were tried to a jury.

The court granted judgment as a matter of law dismissing Collins's claims against S.Q. Media on the basis that she failed to present any evidence that it was liable for infringement. The jury found that John Gray had not directly infringed Collins's copyrights and was not vicariously or contributorily liable for any infringement by Gray Entertainment or Escorts. The jury also found that Gray Entertainment had infringed Collins's copyright for the photographs but that the infringement was not willful. The jury found that Gray Entertainment's infringement was innocent as to three images that lacked clear copyright notices and not innocent as to three images that had clear copyright notices. The jury awarded Collins $1,600 in damages against Gray Entertainment. (Docket Entry No. 130). This court entered a final judgment consistent with the jury's verdict.

Leann Collins, John Gray, Gray Entertainment, and S.Q. Media all move this court for an award of their attorneys' fees.

## II.      The Legal Standard

Section 505 of the Copyright Act provides that:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof.  Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505.

In *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994), the Supreme Court considered the standards for attorney's fee awards under the Copyright Act.  The Court rejected a "dual" standard of assessing attorney's fees under which "prevailing plaintiffs are generally awarded attorney's fees as a matter of course, while prevailing defendants must show that the original suit was frivolous or brought in

bad faith." *Id.* at 520–21. In its place, the Court adopted an "'evenhanded' approach in which no distinction is made between prevailing plaintiffs and prevailing defendants." *Id.* at 521. The Court explained that "[b]ecause copyright law ultimately serves the purpose of enriching the general public through access to creative works . . . a defendant seeking to advance meritorious copyright defenses should be encouraged to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious infringement claims." *Id.* at 517–18. The Court clarified, however, that it was not adopting the "British Rule," which would require awarding "attorney's fees as a matter of course." *Id.* at 533. Instead, "attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion." *Id.* at 534.

In applying *Fogerty*, the Fifth Circuit has stated that attorney's fees awards are "'the rule rather than the exception and should be awarded routinely'" and "evenhandedly to both prevailing plaintiffs and defendants." *Virgin Records Am., Inc. v. Thompson*, 512 F.3d 724, 726 (5th Cir. 2008) (quoting *Positive Black Talk Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 380 (5th Cir. 2004)). But "recovery of attorney's fees is not automatic." *Virgin Record*, 512 F.3d at 726. The Fifth Circuit has also stated that in determining whether a fee award is appropriate, a court may consider the nonexclusive factors approved in *Fogerty*: "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Virgin Records*, 512 F.3d at 726 (quoting *Fogerty*, 510 U.S. at 534 n.19).

III.   **Discussion**

A.     **Who is a Prevailing Party?**

Courts may award attorney's fees to a "prevailing party" under § 505 of the Copyright Act.

A threshold issue is which parties are prevailing and on which claims. The plaintiff, Collins, and the defendants, John Gray, Gray Entertainment, and SQ Media, all assert that they should be considered prevailing parties eligible for an attorney's fee award.

A prevailing party is one who has "prevailed on the merits of at least some claims." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001) (quotation marks omitted). To prevail, there must be a "judicially sanctioned change in the legal relationship of the parties." *Id.* at 605. "No material alteration of the legal relationship between the parties occurs until [one of the parties] becomes entitled to enforce a judgment, consent decree, or settlement against the [other]." *Farrar v. Hobby*, 506 U.S. 103, 113 (1992).[1] Prevailing party status is determined without regard to "the amount of damages awarded." *Buckhannon*, 532 U.S. at 603.

Courts have taken different approaches in applying these principles in copyright cases involving "mixed judgments," in which parties succeed on some claims and counterclaims but not on others. Some courts have found a plaintiff to be the only prevailing party if it succeeds on at least one copyright claim. In *Boisson v. Banian Ltd.*, 280 F. Supp. 2d 10 (E.D.N.Y. 2003), the plaintiff succeeded on one of several copyright infringement claims. Both sides argued that they were

---

[1] Although the Fifth Circuit has not addressed who is a prevailing party under § 505, the circuit courts addressing this issue have applied *Buckhannon*, 532 U.S. 598. *See, e.g., Balsley v. LFP, Inc.*, 691 F.3d 747, 772 (6th Cir. 2012) (applying *Buckhannon* to the Copyright Act); *Cadkin v. Loose*, 569 F.3d 1142, 1145 (9th Cir. 2009) ("*Buckhannon*'s material alteration test applies to § 505 of the Copyright Act."); *Riviera Distribs., Inc. v. Jones*, 517 F.3d 926, 928 (7th Cir. 2008) (holding that a voluntary dismissal with prejudice of copyright claims confers prevailing party status on defendants under *Buckhannon*); *Torres-Negron v. J & N Records, LLC*, 504 F.3d 151, 164 & n.9 (1st Cir. 2007) (holding that *Buckhannon*'s material alteration test applies to copyright claims and concluding that a dismissal for lack of subject matter jurisdiction did not confer prevailing party status).

prevailing parties eligible for fees. The court held that "[i]t is clear . . . that [the plaintiff] succeeded on a significant aspect of her initial lawsuit, and thus it is appropriate to declare [the p]laintiff as the prevailing party within the meaning of the Copyright Act." *Id.* at 20. Another court reached a similar conclusion in *Jacobs v. Memphis Convention & Visitors Bureau*, 2012 WL 4468500 (W.D. Tenn. Sept. 7, 2012), *report and recommendation adopted*, 2012 WL 4461275 (W.D. Tenn. Sept. 25, 2012). The court found that the defendant had infringed the copyright for four of nine photographs, including willfully infringing two. The court concluded that the plaintiff had obtained "a significant amount of relief" and "achieved a substantial benefit through the case." 2012 WL 4468500, at *3. Although the "[p]laintiff did not succeed on all claims, [the p]laintiff's success was neither purely technical nor de minimis." *Id.* The court did not consider whether the defendants had also achieved prevailing-party status on any claims, despite the "evenhanded approach" endorsed in *Fogerty*, "in which no distinction is made between prevailing plaintiffs and prevailing defendants." *Id.* at 521.

Other courts have found that neither party prevailed when a plaintiff brought a large number of copyright claims and obtained a liability finding and damages on only some of those claims. In *Video Views, Inc. v. Studio 21, Ltd.*, 925 F.2d 1010 (7th Cir. 1991), *abrogated on other grounds*, *Fogerty*, 510 U.S. 517, the Seventh Circuit affirmed the district court's finding that "neither [the plaintiff] who prevailed on but two of its seven infringement claims, nor [the defendant], who wound up on the wrong end of a $10,000 judgment, can be deemed the 'prevailing' party." *Id.* at 1022. Similarly, in *ARP Films, Inc. v. Marvel Entm't Grp., Inc.*, 952 F.2d 643 (2d Cir. 1991), the Second Circuit concluded that "[i]n view of the mixed outcome of this litigation, the district court was well within its discretion in concluding that plaintiffs were not prevailing parties within the meaning of

[§] 505." *Id.* at 651.

This approach appears inconsistent with *Farrar*, in which the Supreme Court held that "the amount of damages awarded" is generally irrelevant to deciding whether a party has prevailed and that prevailing-party status only requires success "on the merits of at least some claims." *Buckhannon*, 532 U.S. at 603 (quotation omitted).   In *Video Views* and *ARP Films*, the parties seeking attorney's fees had obtained a favorable court judgment on liability and were awarded more-than-nominal damages.   This was sufficient to show a "judicially sanctioned change in the legal relationship of the parties." *Buckhannon*, 532 U.S. at 605.

Other courts have taken still another approach, considering based on all the claims alleged which party was the "overall prevailing party."  In *Brighton Collectibles, Inc. v. Coldwater Creek Inc.*, 2009 WL 160235 (S.D. Cal. Jan. 20, 2009), the court granted summary judgment dismissing one of the plaintiff's copyright claims, but a jury found that the defendant was liable for willful infringement of the other copyright at issue.  Both parties claimed that they were prevailing parties eligible for attorney's fees.   The court found that only the plaintiff had prevailed because it "succeeded on its claim for willful infringement of [one of its copyrights] and was awarded significant damages." *Id.* at *3.   The court explained that "the dismissal of one of its copyright claims does not prevent it from being deemed the overall prevailing party under the Copyright Act." *Id.*  Similarly, in *Florentine Art Studio, Inc. v. Vedet K. Corp.*, 891 F. Supp. 532 (C.D. Cal. 1995), the court found that two of the defendants were prevailing parties because they "prevailed on seven of the nine infringement counts, were found merely to be innocent infringers on the remaining two,

and were assessed the minimum statutory damages." *Id.* at 541.[2] This approach appears inconsistent with the Supreme Court holdings that that "'the degree of [a party's] success does not affect eligibility for a fee award.'" *Balsley v. LFP, Inc.*, 691 F.3d 747, 772 (6th Cir. 2012) (quoting *Farrar*, 506 U.S. at 114); *see also Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791 (1989) (holding in the § 1988 context that "the search for the 'central' and 'tangential' issues in the lawsuit, or for the 'primary,' as opposed to the 'secondary,' relief sought, much like the search for the golden fleece, distracts the district court from the primary purposes behind § 1988 and is essentially unhelpful in defining the term 'prevailing party.'").

The approach that considers which party prevailed on each of the various copyright claims brought appears consistent with the Supreme Court and Fifth Circuit precedent. This approach was adopted by the Sixth Circuit in *Balsley*, 691 F.3d 747. In that case, the court rejected the position that the defendant was entitled to fees because it was the "overall prevailing party," or, alternatively, that it should receive "four sevenths (57.1%)" of the fees it requested because it successfully defended four of the plaintiff's seven claims. *Id.* at 772. Instead, the court found that it should "consider each prevailing party's entitlement to fees under the claims they prevailed upon." *Id.*

Collins, S.Q. Media, and John Gray prevailed on different claims. Collins sued John Gray, Gray Entertainment, and S.Q. Media for direct, vicarious, and contributory infringement of six

---

[2] Other courts have sidestepped the prevailing party issue. In *Granville v. Suckafree Records, Inc.*, 2006 WL 2520909 (S.D. Tex. June 28, 2006), the plaintiff was successful on only one of several copyright infringement claims. The plaintiff sought attorney's fees under § 505, but the defendants did not. The court first noted that "[i]n one sense . . . both [the p]laintiff and [d]efendants 'prevailed' on the copyright claims or, looking at it from the backside, neither [the p]laintiff nor [the d]efendants can be regarded as the prevailing party." *Id.* at *2. The court did not resolve whether the plaintiff was a prevailing party but considered the plaintiff's overall lack of success as one of several reasons to deny fees.

images. At trial, judgment as a matter of law was granted dismissing the claims against S.Q. Media and in Collins's favor on her claims against Gray Entertainment. The jury found that John Gray did not directly infringe Collins's copyrights and was not vicariously or contributorily liable for infringement by Gray Entertainment or Escorts. The jury also found that Gray Entertainment's infringement was not willful as to any of the six images and that it was an innocent infringer as to three of those images. Based on the jury's verdict and this court's orders, S.Q. Media and John Gray were prevailing parties on all of the claims asserted against them, and Collins was a prevailing party on its claims against Gray Entertainment.

Gray Entertainment argues that its success in convincing the jury that its infringement was not willful as to any of the six images and was an innocent infringer as to three of the images makes it a prevailing party entitled to attorney's fees. It contends that these were the only disputed issues in the case because it had conceded liability for infringement. Gray Entertainment cites *Warner Bros., Inc. v. Dae Rim Trading, Inc.*, 677 F. Supp. 740 (S.D.N.Y. 1988), *aff'd in part and rev'd in part* 877 F.2d 1120 (2d Cir. 1989). That case concerned a suit over the infringement of two copyrights and counterclaims for declaratory judgments that the plaintiff's copyrights were invalid or not infringed and that a TRO was illegal and abusive. Early in the case, the defendants conceded infringement of one of the copyrights at issue and consented to an injunction. The plaintiff voluntarily dismissed its claim for infringement of the other copyright. A bench trial was held on the amount of statutory damages for the remaining infringement claim, whether the infringement was willful, and who should receive attorney's fees and costs. The court found that the infringement of the remaining copyright was innocent and not willful, and, after concluding that the plaintiff had not proven actual damages, entered the $100 minimum statutory award. The court awarded attorney's

fees to the defendant and not to the plaintiff because "[l]ong before there was any trial, the 'main

issue' had ceased to be any issue of the validity of Warner's copyrights, or of their infringement."

*Id.* at 771.  The court found that because the defendant had prevailed on all the remaining issues,

"[t]o conclude that [the plaintiff] was 'the prevailing party' only because it will secure a permanent

injunction *on consent* as to *one* copyright and will secure minimum statutory damages of $100,

would be 'too wooden a view' . . . ."  *Id.* (quoting *Sci. Holding Co. v. Plessey Inc.*, 510 F.2d 15, 28

(2d Cir. 1974) (emphasis in original).  The court rejected the argument that both the plaintiff and

defendant could be considered prevailing parties under the Copyright Act, the plaintiff for

succeeding on one infringement claim and the defendant for obtaining dismissal of the other

infringement claim.  The court held, "there is only one 'prevailing party' on any one claim for relief

in an action" and that "[t]here was only one claim for relief in the complaint in the case at bar when

the complaint was filed and the complaint contained only one count."  *Id.* at 772.  The court awarded

the defendant attorney's fees and costs for the period after it conceded infringement.  *Id.* at 773.

On appeal, the Second Circuit reversed the attorney's fees award to the defendant because

"[v]iewed in the light of the litigation as a whole, neither [party's] success was sufficiently

significant to mandate an award of attorneys' fees."  *Dae Rim*, 877 F.2d at 1126 (internal citation

omitted).  The court explained:

> although [the plaintiff] obtained a permanent injunction against future
> infringement of the "Gizmo" copyright, the [defendants] had offered
> to consent to the entry of a permanent injunction long before the trial
> began.  Finally, [the plaintiff's] efforts to prove that the [the
> defendants] were willful infringers so as to justify a substantial award
> of statutory damages were unsuccessful.  Defendants' affirmative
> efforts did not fare much better.  They counterclaimed, asserting that
> [the plaintiff's] copyrights were invalid, but, after conducting
> discovery, they withdrew that claim.  They also sought damages for

> the alleged unlawful issuance of the temporary restraining order, but
> no award was made.

*Id.* at 1126–27. The court concluded that the "balancing of all the factors, with due regard to the

heavier burden imposed upon defendants who seek fees, leads us to conclude that neither side should

be awarded attorneys' fees." *Id.* at 1127 (internal citation omitted).

It is unclear whether a defendant's voluntary admission of liability for infringement precludes

an attorney's fee award in light of recent Supreme Court decisions clarifying "prevailing party" status

and the standards for awarding fees under § 505.[3]  Even if it does, no such voluntary admission

occurred here. Although Gray Entertainment states that it "admitted non-willful infringement," the

record shows denials of liability for infringement in its answer, responses to Collins's requests for

admissions, summary-judgment response, and suggested jury instructions and questions. At various

times, Gray Entertainment asserted that Collins lacked a valid copyright; that any copyright she

might have had passed into the public domain; that she had given Gray Entertainment an implied

license; and that she had herself submitted the photos to Gray Entertainment for publication to

induce its infringement to set up the lawsuit. These positions did not admit nonwillful infringement.

Nor does the jury's finding that Gray Entertainment's infringement was not willful as to any of the

six images and was innocent as to three of them make an attorney's fee award appropriate. A party

may not be "awarded attorneys' fees as the 'prevailing party' for prevailing on sub-issues of a

copyright infringement claim." *Berry v. Dillon*, 291 F. App'x 792, 796 (9th Cir. 2008); *see also*

*Thoroughbred Software Int'l, Inc. v. Dice Corp.*, 488 F.3d 352, 362 (6th Cir. 2007) ("The fact that

---

[3]  The Second Circuit denied the defendants' request for attorney's fees in part because it found that they had to satisfy a "heavier burden." *Id.* at 1127. *Fogerty* rejected this view. 510 U.S. at 521. The Supreme Court has also rejected the district court's approach, which focused on which side had prevailed on "the main issue." *See Tex. State Teachers Ass'n.*, 489 U.S. at 791.

[the plaintiff] did not succeed on its claim for profits does not preclude it from being the prevailing party.").

**B.     The Frivolousness and Objective Unreasonableness Factor**

The first factor for deciding whether to award attorney's fees is the frivolousness or objective unreasonableness of the claims and defenses. "'Objective unreasonableness' is generally used to describe claims that have no legal or factual support." *Viva Video, Inc. v. Cabrera*, 9 F. App'x. 77, 80 (2d Cir. 2001). "[T]he imposition of a fee award against a copyright holder with an objectively reasonable litigation position will generally not promote the purposes of the Copyright Act." *Matthew Bender & Co. v. West Publ'g Co.*, 240 F.3d 116, 122 (2d Cir. 2001). There is a difference between a suit that is "without merit" and one that is "patently frivolous." *See Positive Black Talk*, 394 F.3d at 382 n. 23. In *Creations Unlimited, Inc. v. McCain*, 112 F.3d 814 (5th Cir. 1997), for example, the Fifth Circuit upheld the district court's refusal to award attorneys' fees to the defendant despite finding on summary judgment that the works in question "differed . . . in too many respects for a layman to conclude that the works were substantially similar." *Id.* at 816. The district court had concluded that the legal claim, "though ultimately not successful, was neither frivolous nor objectively unreasonable, either in its factual allegations or its legal undergirding." *Creations Unlimited, Inc. v. McCain*, 889 F. Supp. 952, 954 (S.D. Miss. 1995). On the other hand, in *Coles v. Wonder*, 283 F.3d 798 (6th Cir. 2002), the Sixth Circuit upheld the district court's award of attorney's fees to the defendant, affirming the conclusion that the plaintiffs' claims were objectively unreasonable because the legal issues were clear and no case law from any circuit supported the plaintiffs' position. *Id.* at 803.

Although Collins did not prevail, her claims against S.Q. Media and John Gray were neither

frivolous nor objectively unreasonable.  John Gray owned Gray Entertainment, which published *Adult Quest*.  Collins alleged that Gray was involved in the day-to-day operations of *Adult Quest* and asserted colorable claims that he was directly, vicariously, and contributorily liable for Gray Entertainment's infringement of Collins's copyrights.  Collins's unsuccessful claims against S.Q. Media, another entity that John Gray controlled, were also not unreasonable.  It was initially unclear which Gray-owned entities might be directly responsible for the infringing acts.

Less reasonable, however, were Gray Entertainment's defenses that, by posting her photographs on her website, Collins gave third parties an implied license to use those images.  Gray Entertainment failed to provide factual or legal justification for its position that placing photographs on a website grants others an implied license for any use.  There was evidence that Collins's website included a statement that images from that site were copyrighted and that display on the website did not give others a right to use those images.  Gray Entertainment's argument that Collins induced its infringement was similarly unsupported by the evidence.  Gray Entertainment's other defenses, however, including defenses to Collins's willful infringement claims and many of her damages claims, were meritorious and, ultimately, successful.  The objective unreasonableness factor weighs against granting attorney's fees to S.Q. Media and John Gray.

### C.     The Motivation Factor

The second factor in deciding whether to award fees is the parties' motivation.  In evaluating this factor, other circuits have considered: (1) the defendant's status as an innocent, rather than a willful or knowing, infringer; (2) the plaintiff's prosecution of the case in bad faith; and (3) the defendant's good faith attempt to avoid infringement.  *Brooktree Corp. v. Advanced Micro Devices, Inc.*, 977 F.2d 1555, 1583 (Fed. Cir. 1992) (citing *McCulloch v. Albert E. Price, Inc.*, 823 F.2d 316,

323 (9th Cir. 1987)).

There is no evidence that the parties in this case acted in bad faith.  The jury found that Gray Entertainment did not willfully infringe Collins's copyrights and was an innocent infringer as to three of her photographs.  Gray Entertainment presented evidence at trial that as soon as it was aware of Collins's allegations, it made good-faith efforts to remove the infringing advertisements from its magazines.

Collins contends that Gray Entertainment acted in bad faith.  She alleges failure to respond to settlement offers, not mediating in good faith, reporting Collins to the FBI, not meeting court deadlines, refusing to work with Collins in submitting jury instructions, failing to make Collins aware of affirmative defenses until just before trial, and aggressively pursuing in discovery names and personal information of some of Collins's past clients.  But Collins has not provided or pointed to evidence substantiating many of these assertions.  Attorney's fees cannot generally be imposed or increased based on a party's decision not to settle a case.  This is particularly true when, as here, the plaintiff sought far more in damages than the jury ultimately awarded.  Collins has also not shown that Gray Entertainment acted in bad faith by failing to meet court deadlines. Collins's only specifically identified missed deadline is the defendants' purported failure to timely make her aware of their affirmative defenses.  But Gray Entertainment included affirmative defenses in its answer to Collins's complaint and asserted several in response to Collins's summary judgment motion. Collins also contends that Gray Entertainment engaged in discovery abuse and ran up its legal fees unnecessarily.  Collins points to the defendants' request for information about some of her past clients as evidence of abuse.  But the discovery request was relevant to Collins's estimated damages. The record does not reflect that Gray Entertainment acted in bad faith.  The defendants moved to

13

compel Collins's responses to several discovery requests, including for information about her past clients. (Docket Entry No. 43). Although Collins initially opposed the defendants' motion, (Docket Entry No. 45), she later entered into an agreement resolving the parties' discovery disputes, (Docket Entry No. 52). Collins has not shown that Gray Entertainment acted in bad faith so as to justify an attorney's fee award.

Nor have the defendants shown that Collins acted in bad faith in bringing this suit. "[P]rotection of one's copyright constitutes a permissible motivation in filing a copyright infringement case against one whom the copyright holder believes in good faith to have infringed the copyright." *Luken v. Int'l Yacht Council, Ltd.*, 581 F. Supp. 2d 1226, 1245 (S.D. Fla. 2008). Although Collins received far less in damages than she sought, she did obtain a liability finding against Gray Entertainment. The absence of improper motives weighs against awarding attorney's fees to any of the parties in this case.

### D.   Compensation and Deterrence

The third factor in deciding whether to award fees is the need for compensation and deterrence. "[U]nlike civil rights suits, where while a prevailing plaintiff is presumptively entitled to an award of fees, a prevailing defendant is entitled to such an award only if the suit was groundless . . . in copyright suits 'prevailing plaintiffs and prevailing defendants are to be treated alike.'" *Assessment Tech. of WI, LLC v. WIREdata, Inc.*, 361 F.3d 434, 436 (4th Cir. 2004). (quoting *Fogerty*, 510 U.S. at 534) (internal citations omitted). "If the case was a toss-up and the prevailing party obtained generous damages, or injunctive relief of substantial monetary value, there is no urgent need to add an award of attorneys' fees. But if at the other extreme the claim or defense was frivolous and the prevailing party obtained no relief at all, the case for awarding him attorneys'

fees is compelling." *Assessment Tech.*, 361 F.3d at 436–37 (citations omitted); *see also Quinto v. Legal Times of Wash., Inc.*, 511 F. Supp. 579, 581 (D.D.C. 1981) (Compensation "helps to ensure that all litigants have equal access to the courts to vindicate their statutory rights. It also prevents copyright infringements from going unchallenged where the commercial value of the infringed work is small and there is no economic incentive to challenge an infringement through expensive litigation.").

While the damages the jury awarded Collins was low, other considerations weigh against granting her the attorney's fees she seeks. Collins asserts that she should be awarded attorney's fees because this case represents "a true David v. Goliath battle." (Docket Entry No. 142 at 9). But she has not pointed to evidence of the parties' respective financial positions. There is no basis to assume that Gray Entertainment is a financial behemoth. Nor has Collins shown that a fee award is necessary to deter the defendants from repeating their actions. The jury found that Gray Entertainment's infringement was not willful. The evidence at trial showed that Gray Entertainment made good-faith efforts when it was informed of the copyrights to remove the advertisements from its magazines. In addition to the damages that the jury awarded, Gray Entertainment states that it incurred almost $35,000 in attorney's fees. The damages imposed on Gray Enterprises combined with the attorney's fees it incurred appear sufficient to deter future infringement by Gray Entertainment and others.

There is similarly little basis for awarding attorney's fees to S.Q. Media and John Gray as a deterrent against Collins. Collins's claims against both defendants were objectively reasonable and brought in good faith. The compensation and deterrence factors weigh against granting attorney's fees to any of the parties.

### E.    Balancing the Factors

The balance of factors supports denying attorney's fees to S.Q. Media and John Gray. Collins's claims against S.Q. Media and John Gray, though unsuccessful, were not frivolous, Collins did not act in bad faith, and there was no need for a fee award against Collins for deterrent purposes. While a closer call, the relevant factors also weigh in favor of denying Collins's request for an award of attorney's fees from Gray Entertainment. Although two of Gray Entertainment's defenses lacked a basis in law and fact, its other defenses were not frivolous. Given the absence of evidence showing that Gray Entertainment acted in bad faith, the damages awarded to Collins and the attorney's fees and costs incurred by Gray Entertainment were sufficient to deter future infringement by Gray Entertainment and others. And Collins's excessive demand for damages and her failure to prove those damages to the jury is another reason not to award her the fees she seeks.

## IV.    Conclusion

For the reasons stated above, the request for attorney's fees by Collins, (Docket Entry No. 132), and the request for attorney's fees by Gray Entertainment, S.Q. Media, and John Gray, (Docket Entry No. 133), are denied.

SIGNED on June 12, 2013, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

16